UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LISA PECANTY                                    CIVIL ACTION NO.

v
                                                JUDGE:
TURNER INDUSTRIES GROUP, LLC    Magistrate Judge:

## COMPLAINT

### Jurisdiction and venue

1. This matter is brought under the Americans with Disabilities Act, 42 USC sec 12101 et seq. Jurisdiction is based on 28 USC sec. 1343. Venue in this district is proper because all matters sued on occurred in this district.

### Right-to-sue

2. Plaintiff received a Right-to-sue letter dated November 13, 2013.

### Parties

3. Plaintiff, Lisa Pecanty, was at all relevant times a Corporate Equipment Billing Analyst employed by defendant, Turner Industries Group, LLC (Turner), at its Baton Rouge office. Turner employs over 500 people.

### Background

4. Plaintiff's last day on site was in December 2012.

5. In November/December plaintiff's work cubicle was moved to the second floor.

6. There was new carpet and new fabric on the cubicle walls on the second floor.

7. The desk and credenzas tops were made of formica glued to particle board.

8. The desks and credenzas were manufactured by Steelcase.

9. The HVAC system shut down at about 6 pm and came on at about 7 am.

10. In early 2011, plaintiff was moved to second cubicle with the same type of furniture and rug as were in the first cubicle.

11. On or about April 17-18, 2012 plaintiff was moved to a third location which was a separate office on the outside wall.

12. It had the same type of furniture and rug as were in the first cubicle.

13. From October 2008 until December 6, 2012 plaintiff experienced an increasing number of symptoms including, but not limited to, sneezing; burning eyelids; forgetfulness; sensitivity to perfumes and colognes that appeared to cause vomiting and headaches; nosebleeds; about 80 tumors; anxiety; mouth blisters; nausea; and inability to concentrate or think straight.

## Count 1-Failure to accommodate

14. On or about March 23, 2012, plaintiff's doctor diagnosed her with environmental sensitivity to perfumes, formaldehyde, etc. Through him plaintiff asked for an accommodation of either an office separate from the perfumes, fragrances, and formaldehyde or to work from home.

15. The request for the accommodation of working from home was denied.

16. Plaintiff was moved to her third work location, a separate office.

17. Plaintiff had had access to Citrix, defendant's portal allowing plaintiff to work remotely, but by June 2012 she was denied access.

18. Plaintiff's request to work from home was reasonable.

19. Lisa Lowrance did billing and accounting work from home.

20. Mold was found in plaintiff's office in November 2012.

21. Plaintiff obtained FMLA leave on or about December 6, 2012 and has not worked at the Turner office since.

22. On April 4, 2013, plaintiff requested a fragrance and chemical free environment or to work from home if the office were not practicable.

23. The request to work from home was denied.

24. The denial was unreasonable.

### Count 2- supervisory retaliatory harassment

25. Plaintiff was subjected to a pervasive supervisory hostile work environment in retaliation for requesting accommodations.  This environment consisted of, among other actions, the head of HR (LeAnn Maples) instructing co-employees to report her to HR for not wearing a protective mask; being monitored by a supervisor (Cody Henry) who checked that my door was properly closed; having the striker plate on her office door taped so that it

could not be closed which facilitated Henry's, Jessica Boudreaux' (both as Henry's supervisor and later as a supervisor herself), Rusty Duck's (a co-employee), and Michael Schoen's (supervisor in a contiguous office) coming in to plaintiff's office for no real reason 2-3 times a week; and being written up when she could not cooperate or participate in group functions either because she was barred from the common areas or was adversely affected by the fragrances, etc from co-employees and by chemicals in these areas.

## Relief sought

26. Plaintiff seeks back pay, front pay, past and future lost wages, past and future related medical costs, compensatory damages, including damages for emotional distress, punitive damages, attorney's fees, costs, trial by jury, and all legal and equitable relief.

Respectfully submitted,
/s/ J Courtney Wilson 13561
J Courtney Wilson
1510 Veterans Blvd
Metairie, La 70005
(T) 504/832-0585
(F) 504/846-2400

PLEASE DO NOT ISSUE SUMMONS
NOTICE AND WAIVER WILL BE ATTEMPTED